Ivan GALVAN, Petitioner–Appellant,

v.

Robert AYERS, et.al., Respondent–Appellee.

No. 07–16271.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 2008.

Filed Sept. 9, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Victor Stephen Haltom, Law Office of Victor S. Haltom, Sacramento, CA, for Petitioner–Appellant.

Catherine Chatman, Esquire, Tami M. Warwick, Esquire, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: THOMPSON and WARDLAW, Circuit Judges, and MOSKOWITZ, District Judge.*

MEMORANDUM **

Ivan Galvan ("Petitioner") appeals from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We affirm the district court's de-

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nial of habeas corpus relief for the reasons set forth below.

Petitioner argues that he was deprived of the right to present a defense because the trial court failed to grant a continuance and allow the testimony of a gang expert. Petitioner also requests habeas relief on the ground that he received ineffective assistance of counsel at trial. Finally, Petitioner argues that the district court should have granted an evidentiary hearing on his claim that the trial judge was biased against him.

■ First, the state court's determination that Petitioner was not prejudiced by the trial court's refusal to allow expert testimony on gang culture was not objectively unreasonable. *See Williams v. Taylor,* 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (explaining the standard for determining "unreasonable application ... of clearly established federal law" under AEDPA (internal quotation marks omitted)). At trial, Petitioner testified that other fellow gang members perpetrated the robbery and murder in question but that he could not identify them for fear of gang retaliation. Petitioner's proposed expert would have testified that such a fear would be reasonable given the gang culture of retaliation against informers. The state court concluded that any error in not allowing this testimony was harmless because (1) the proposed testimony would have been cumulative, and (2) other evidence linking Petitioner to the crime was strong.

The district court concluded that the lack of gang expert testimony did not have a "substantial and injurious effect" on the verdict given the obvious and cumulative nature of the expert testimony. *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (explaining the harmless error standard). At trial, Petitioner and Esquivel, who is

affiliated with the Norteno gang, testified regarding the possibility of gang retaliation. The state court's determination regarding harmless error is also supported by the strength of the other evidence against Petitioner such as (1) Christopher Annis's eyewitness identification of Petitioner as one of the perpetrators; (2) undisputed evidence that Petitioner showed one of the murder weapons to a friend on the morning of the incident; and (3) undisputed evidence that the two weapons were discovered under and next to the car in which Petitioner was riding at the time of the arrest, less than one hour after the murder.

■ Second, Petitioner is not entitled to habeas relief on the ground that he received ineffective assistance of counsel from his trial counsel, Mr. Holmes. Petitioner is not exempt from establishing prejudice. *See United States v. Cronic,* 466 U.S. 648, 658–59, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) (prejudice does not need to be established where the attorney's failure is so complete that there is no meaningful adversarial testing of the prosecution's case). Contrary to Petitioner's argument, Mr. Holmes was not constructively absent from the case. Mr. Holmes met with Petitioner to discuss his case, hired an investigator to conduct an investigation, conducted adequate direct and cross examination of witnesses, presented a defense, and adequately argued the defense at closing argument. During the time period when Mr. Holmes did not meet with Petitioner himself, Mr. Holmes's case investigator met with the Petitioner to discuss his case. Through these actions, Petitioner's counsel subjected the prosecution's case to meaningful adversarial testing.

■ Nor did Petitioner suffer prejudice from the failure of his trial attorney to (1)

ensure the presence of the gang expert at trial, and (2) investigate witnesses who would have corroborated the fact that there were four men at the scene of the crime rather than three. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (defining prejudice as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). For the reasons set forth above, the absence of testimony on gang culture did not have a substantial impact on the verdict. Corroboration of Petitioner's testimony that there were four men at the scene of the crime would not have undermined Christopher Annis's eyewitness identification of Petitioner as one of the men running out of the market or the undisputed evidence linking Petitioner to the murder weapon. The state court's determination that Petitioner was not prejudiced by these alleged failures was objectively reasonable because the desired testimony would not have significantly affected the substantial evidence linking Petitioner to the murder.

■ Finally, the district court did not err in refusing to grant an evidentiary hearing on Petitioner's judicial bias claims. Petitioner's allegations that the judge appeared angry and exasperated and displayed body language expressing discomfort or disbelief of testimony favorable to Petitioner is insufficient to establish judicial bias. *See Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

AFFIRMED.